# THIRD DEPARTMENT.

## GENERAL TERM, JANUARY, 1875.

FIRST NATIONAL BANK OF PLATTSBURGH v. HEATON.

*New trial — rules governing applications for. Evidence — general objection — in action upon promissory note.*

Among the rules governing applications for new trials upon the ground of newly-discovered evidence, are (1) that the new evidence has come to the knowledge of the party since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is not cumulative; and (4) that it is of such a nature and so material that it would probably produce a different verdict if a new trial were granted.

Accordingly, where defendant asked for a new trial on the ground that, since the trial, he had discovered that, with the aid of a powerful microscope, a date in a note in issue could be shown to have been changed, it not appearing that the knowledge came to defendant since the trial, and that he had used due diligence in discovering the evidence; and the evidence being disputed; *held,* that a new trial would not be granted.

Upon the trial of an action upon a promissory note, a witness was asked if he ever saw prior to a date after the note was made, any note of the maker in blank. It was claimed that in the note in question the date was left blank. *Held,* that the question did not so plainly refer to notes other than the one in suit, that it ought to have been rejected on a general objection.

The action was against an indorser of a note dated May 16. The defendant claimed that the date of the note had been altered from "11" to "16." The note was given in renewal of a three months' note. *Held,* that evidence to show that the prior note was dated February 16, was admissible.

APPEAL by defendant, after a verdict in favor of plaintiff, from an order at the special term, denying a motion for a new trial on the ground of newly-discovered evidence, and also denying a motion for a new trial on case and exceptions.

The action was brought by the First National Bank of Plattsburgh against Rufus Heaton, upon a promissory note signed by one A. D. Smith, payable to the order of defendant and indorsed by him, which, before its maturity, was discounted by plaintiff.

The defense was that the note in question was, when indorsed by defendant, dated May 11, 1871, but that afterward, without the knowledge or consent of defendant, the date was altered to read May 16. The only fact at issue upon the trial was whether the date of the note was, as stated by defendant, thus altered or not. Evidence was given by both parties at the trial tending to establish the claim of each party. No evidence, however, of experts as to the appearance of erasures in the note was given.

The jury found for the plaintiff. Soon after the defendant moved for a new trial, upon affidavits, on the ground of newly-discovered evidence. The evidence mentioned was that by the aid of powerful microscopes and the investigation of persons expert in using them, it would appear that there had been "16" written over "11" in the date of the note; that the defendant was not aware before the trial that that could be detected by microscopes but supposed that the "11" could not be seen, nor that it in fact appeared on the note. He also moved for a new trial on exceptions, alleging errors principally in the admission of evidence. Such other facts as are necessary appear in the opinion, and in the opinion delivered at special term.

*Samuel Hand,* for appellant. It was error to admit evidence of Wever as to seeing a note indorsed by defendant with the date blank. *Green* v. *Disbrow,* 56 N. Y. 334; *Holcomb* v. *Hewson,* 2 Campb. 391; *Tennant* v. *Hamilton,* 7 Cl. & F. 122; Phillips on Evidence (4th Am. ed. by Edw.), 748. As to evidence of the date of the February note, cited *Gandolfs* v. *Appleton,* 40 N. Y. 553. The newly-discovered evidence offered was not cumulative, and would probably change the result. *Guyot* v. *Butts,* 4 Wend. 579; *Parshall* v. *Klinck,* 43 Barb. 203; *Platt* v. *Munroe,* 34 id. 291; *Oakley* v. *Sears,* 1 Robt. 73; *Powell* v. *Jones,* 42 Barb. 24; *Smith* v. *Masten,* 15 Wend. 270; *Raphaelsky* v. *Lynch,* 12 Abb. (N. S.) 224.

*S. W. Holcomb,* for respondents.

Present — LEARNED, P. J., and BOARDMAN, J.

LEARNED, P. J. The reasons given by Mr. Justice JAMES* for denying a motion for a new trial on the ground of newly-discovered

---

* The following is the portion of the opinion mentioned relating to the question referred to:

JAMES, J. The second application is for a new trial on the ground of newly-discovered evidence. Applications for new trials on this ground are required to be closely scrutinized.

evidence are clear and satisfactory. We need add nothing. The evidence was not newly-discovered, and the defendant had been negligent.

An exception was taken to the admission of the question put to Wever, whether he ever saw prior · to July 1, 1871, any note of Heaton in blank. It is objected by defendant that this was an inquiry as to other notes and was therefore inadmissible. The

and although addressed very much to the discretion of the court, the court in its exercise should be governed by the well-established rules of law applicable to the subject ; as the discretion to be exercised is a judicial, not an arbitrary discretion.

It is a mistake to say as was said on the argument, that the Code has changed the rule on this question. Section 174 has no application to motions for a new trial on the ground of newly-discovered evidence. That section is part of title 6, chap. 6, of "mistakes and amendments," and motions of this character are neither ; its purpose was to provide for relief in cases of mistakes, surprises, inadvertence or excusable neglect, etc.

Applications for new trials on the ground of newly-discovered evidence, it is true, depend in a great degree upon the peculiar circumstances of each case ; yet there are certain rules governing them which cannot be disregarded, and such disregard sustained under the plea of discretion. Among those rules are the following : that the new evidence has come to the knowledge of the party since the trial ; that it was not owing to the want of due diligence that it did not come sooner ; that it is not cumulative ; and that it is of such a nature and so material that it would probably produce a different verdict, if a new trial were granted. Does this case come within these rules ?

The ground of this motion is that defendant has since the trial discovered, that, with the aid of a powerful microscope, it can be shown that the date of the note has been changed from May "11" to May "16," a fact of which he was not aware and did not know at the time of the trial.

What the microscope will show is disputed ; the affidavits upon that question are conflicting, some of the experimenters and experts affirming that an alteration of the figures can be seen through it, and others that it cannot.

The exact issue in this case was well known before the trial ; the note was attached to a commission to take the testimony of Smith, the maker ; his testimony had been taken and was on file with the note in the clerk's office, and had been seen by the defendant and his counsel weeks before the trial, so that defendant knew precisely what he had to meet ; he knew Smith had testified that the note was indorsed with date in blank.

Therefore, before a party asking a new trial on the ground of newly-discovered evidence can succeed, he must establish the facts above stated, as required by the rules of law, to the satisfaction of the court.

*First.* It is not established beyond doubt that the substance of the new evidence on which the motion is based came to the knowledge of the defendant since the trial. The language of the defendant's affidavit is "that at the time of the trial, deponent was not aware of the fact and did not know that by the aid of a powerful microscope the alteration in the date of said note, etc., etc., would be made to appear, and made to appear so clearly as to leave no doubt of the fact that such alteration had been made." In the light of other parts of defendant's affidavit, it is clear that what defendant meant by the foregoing extract was that he did not know how much the microscope would show, in other words, the power of such an instrument. He could not have meant that he had no knowledge that a microscope was used to detect alterations in paper writings, because he subsequently states that some weeks before the trial he heard that Dr. Wolff, of Plattsburgh, had made an examination of the note. And defendant's counsel says that, previous to the trial, he heard that Dr. Wolff was the owner of a powerful microscope, and skilled in its use in the discovery of forged writings ; that he arranged with said Dr. Wolff, in the presence of defendant, to make an examination of the note previous to the trial, and that at the time set for the examination said DeWolff refused to act, saying he had been retained by the other side, that he had dis-

plaintiff urges that it did not appear to refer to other notes, and that even if it did it was admissible.

Now, from the language of the question, it does not appear whether it referred to the note in suit or not. The defendant might have insisted that the question should be confined to this note. He did not do so, but objected generally. , On the cross-examination it did appear that the note, to which the witness tes-

---

covered the truth about the date, but refused to disclose what it was; so that it is quite clear that before the trial defendant and his counsel knew of the microscope, that it was used to detect alterations in written instruments, that there was a powerful one in the town in the hands of an expert, which had discovered the truth about the date of the note.

Dr. Wolff says he had an interview with the defendant and his counsel before the trial, and told them he had a powerful microscope; that he had examined the note with the instrument, that by a careful examination he could ascertain the truth about it, and would make such examination for defendant if he desired.

From these facts it cannot be said that the new evidence has been discovered since the trial. In fact the only new thing discovered since the trial is that if defendant had had an examination of the note made by Dr. Wolff before the trial, he would then have ascertained all he can now ascertain if a new trial was granted him.

*Second.* Due diligence was not exercised by the defendant. He knew of the microscope, its use sometimes in detecting or discovering alterations of written instruments, and that by it the truth could be discovered. If he could not agree with or trust Dr. Wolff to make a test examination, he should have procured another expert, with another instrument, and ascertained the truth before the trial. He could not lie by and take his chances without it or upon plaintiff's calling Dr. Wolff, rely upon his cross-examination to make out his case, and if he failed, hope to get the case retried upon the ground that he did not know what the microscope would show. When by due diligence the evidence relied upon for a new trial might have been discovered before the trial, the motion is uniformly denied.

*Third.* The evidence must not be cumulative. Cumulative evidence is additional evidence of the same kind to the same point. The issue in this case was single. To that point witnesses were called and testified, and to this point is the alleged newly-discovered evidence. It is true the new evidence is of a kind different from any used in the trial, but to establish the same issue before litigated. The evidence, however, is not positive, it is not certain, it is not a fact, but the use of an instrument from which evidence to the point is to be extracted by experts. It is not like the case of an action against an executor on the note of the testator where the issue was payment, and after trial a receipt on payment of the note was found signed by plaintiff. That would be positive evidence. This evidence is not positive. Experts who have examined the note with the class of microscope mentioned, testify differently as to what that instrument shows; one class claiming that it shows the note to have been altered, the other that it shows no such thing. Granting a new trial to let in this evidence would only be letting in more conflicting evidence upon an issue already litigated and determined. I think such evidence must be considered as cumulative.

*Fourth.* That the evidence is of such a nature and so material that it would probably produce a different verdict if a new trial were granted. The most that could be said in this case on that point is that such a result might be produced; but as this evidence on the point in issue would, as I have shown, still be conflicting, the result on a new trial would still be uncertain and doubtful.

Considerable portions of the moving affidavits are devoted to showing that defendant was misled by the conduct of Dr. Wolff. This allegation may be true. Dr. Wolff denies any such intention; that he refused to communicate the result of his examination unless paid for his labor. But such acts, whatever they were, cannot be taken into consideration in determination of this motion, as there is no evidence of any connivance, instigation of understanding, on the part of the plaintiff or of its offers or agreements with Dr. Wolff to say or to do as charged by defendant.

First National Bank of Plattsburgh v. Heaton.

tified, was not, or might not have been, the note in question. No motion was then made to strike out this evidence.

In putting this question the plaintiff may, in his own mind, have referred to a note other than this in suit. But the question for us is, did the judge err in admitting the question. He could decide only on the language itself. If it is claimed that he was in error it should appear that the objectionable point was brought distinctly to his notice. If he had excluded this question on this objection, the plaintiff's counsel on appeal might have urged with force that the reply would have shown that the witness had seen the very note in suit without any date upon it.

Without then deciding whether evidence as to other notes would have been admissible, we think that the question objected to did not so plainly refer to such notes that it ought to have been rejected on a general objection.

Another objection was as to the evidence of the date of the February note.

It had appeared by the defendant's own testimony that the note in question was given to renew other paper made or indorsed by defendant for Smith.

The dispute was whether this note was dated May 11th when made, or was made in blank as to the day of the month, and then filled up by Smith with the date of the 16th. The witness showed that the previous note which this note was given to take up was dated February 16th, and was at three months time. And it might be of some weight as to the question whether this note was dated the 11th or not to show that the liability which it was to renew did not mature until the 19th. The evidence may not have been of any great force, but it seems to have been competent.

We think that the order appealed from should be affirmed, with costs.

*Order affirmed*